UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES ALEXANDER LOGAN,

    Plaintiff,

v.                                                  Case No. 3:20cv6007-LC-HTC

CAPTAIN J. SCHROCK, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff James Alexander Logan, proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to bring claims under 42 U.S.C. § 1983. ECF Doc. 1. Plaintiff acknowledges in his submission that he is a three-striker under 28 U.S.C. § 1915(g), and thus cannot proceed *in forma pauperis*. Plaintiff, however, did not remit the full filing fee with his complaint. Instead, Plaintiff filed a motion for extension of time to pay filing fee. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned denies the motion for extension of time, and recommends the action be dismissed.

**I.    BACKGROUND**

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Santa Rose CI, sues thirteen (13) officials of Santa Rosa CI

based on events that took place in August of 2019. ECF Doc. 1. Plaintiff's complaint contains the following allegations:

On August 11, 2019, Plaintiff was awoken by Defendant Alligood, who told him to submit to hand restraints because Plaintiff was "going on strip," which appears to mean that most items were going to be removed from his cell. *Id.* at 8. Plaintiff requested Schrock, the captain on duty, to come over. Schrock did so and told Plaintiff that he had ordered Alligood to take Plaintiff's blue shirt and towel off the top bunk and the order came from the Warden, "whom you are suing." *Id.* at 9.

Schrock then left, and, while Defendant Richburg held Plaintiff outside the cell, Defendant Gordon took his mattress, blanket, sheets, blues, pillow and personal property out of the cell. Plaintiff then declared a psychological emergency, stating he would kill himself if he went back into the cell. At that point, Defendants Richburg, Elliot, and Gordon slammed Plaintiff against the side of the wall and steel door, causing swelling to his face. *Id.* at 9-10.

To cover up the assault and in retaliation for a pending lawsuit against the warden, the male nurse refused to document his injuries and a "6-1 d/r was falsified" (he does not allege by whom) against Plaintiff. The disciplinary report caused him to be subject to "excessive continuation of close management." *Id.* at 10.

On August 15, 2019, Defendants McCranie, Tucker, Alligood, and Mitchell conspired to falsify a disciplinary finding against Plaintiff, to cover up the assault that occurred on August 11, 2019. *Id.* at 11. He alleges these officers conspired to

cause him to not attend his August 15, 2019 disciplinary hearing by failing to come to his cell to bring him to the hearing and then claiming that Plaintiff refused to attend or sign the waiver form. *Id.*

Plaintiff alleges Defendants Tucker, Alligood, and Brown issued falsified findings in an August 22, 2019 disciplinary decision based on Defendant Tucker's falsified disciplinary report of August 14, 2019. *Id.* at 13. Defendant Brown also denied Plaintiff his right to attend the disciplinary hearing and falsified forms stating that Plaintiff refused to appear or sign the waiver form. *Id.*

Finally, Plaintiff alleges he has been retaliated against because of a lawsuit against Warden Clemmons by being subject to (1) excessive disciplinary confinement time; (2) "strip status" for over 72 hours; and (3) suspension of yard and canteen privileges because of close management status. *Id.* at 15. As relief, Plaintiff seeks monetary damages and release from disciplinary confinement.

## II. THREE STRIKES RULE, 28 U.S.C. § 1915(g)

As stated above, Plaintiff admits he has had at least three (3) cases that have been dismissed for failure to state a claim, or as frivolous or malicious. Thus, Plaintiff has three strikes under 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis*. A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates the lawsuit, and the failure to do so warrants dismissal of the case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner

must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff does not allege a threat of imminent physical harm. He alleges only a past assault with *de minimis* injuries and ongoing efforts to cover up the assault by false disciplinary actions. Indeed, Plaintiff filed a suit in 2019, involving the same allegations as are involved in the instant case. The Court dismissed that case because Plaintiff was a 3-striker. In doing so, the Court specifically found a lack of imminent danger. *Logan v. Schrock et al*, 3:19-cv-03793-LC-EMT (N.D. Fla, Oct. 28, 2019) (finding no imminent danger), *report and recommendation adopted,* ECF Doc 7 (Nov. 8, 2019).

Instead of paying the filing fee, Plaintiff moves the Court to accept the complaint and allow him more time to pay the fee. ECF Doc. 2. However, Plaintiff has provided no basis for the Court to grant such an extension. As stated above, Plaintiff attempted to assert these same claims in 2019, and was told he needed to pay the filing fee. Thus, Plaintiff has had ample time to secure the necessary funds. Also, the statute of limitations for a civil rights complaint under 42 U.S.C. § 1983 is four years[1] and because the events at issue occurred August 2019, there is no

---

[1] All claims under 42 U.S.C. § 1983 are subject to the statute of limitations in the state where the complaint is brought. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Florida, the statute of limitations for § 1983 claims is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283

Case No. 3:20cv6007-LC-HTC

immediate urgency to Plaintiff's complaint and he has ample time to refile it when has the filing fee.

As set forth by the Eleventh Circuit, dismissal is the proper procedure for a prisoner who fails to pay the filing fee and cannot proceed *in forma pauperis*. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The undersigned finds no reason for straying from that procedure.

Moreover, in the motion for extension, Plaintiff states that while he intends to pay the filing fee, he nonetheless also intends to seek to proceed *in forma pauperis* and requests the Court appoint a special process server for him as he cannot pay for the cost of serving the thirteen (13) defendants. As stated above, a prisoner who has had three strikes cannot proceed *in forma pauperis*, and thus, granting Plaintiff's motion would be futile. If Plaintiff cannot serve the Defendants, his claims against them will be subject to dismissal under Rule 4(m).

Finally, a *sua sponte* dismissal is appropriate here because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be

---

(11th Cir. 2003) and *McNair*, 515 F.3d at 1173. *Witherspoon v. United States Gov't*, 2020 WL 6064884, at *2 (S.D. Fla. Sept. 22, 2020), *report and recommendation adopted*, 2020 WL 6059851 (S.D. Fla. Oct. 14, 2020)

Case No. 3:20cv6007-LC-HTC

dismissed and gives Plaintiff the opportunity to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED:

1. The motion for extension of time, ECF Doc. 2, is DENIED.

It is further respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) and has failed to pay the filing fee.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 28th day of December, 2020.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**